Eddy & Co. vs. Sturgeon.

---

EDDY & CO., APPELLANTS, vs. STURGEON, RESPONDENT.

1. Wilson purchased of Eddy & Co. $617 35 cents worth of goods, and Sturgeon by a written guaranty, bound himself to pay, or see that Wilson paid, four hundred dollars of the amount, within ninety days. Wilson, within ninety days, paid two hundred dollars, and it was held that it extinguished Sturgeon's guaranty that amount.

APPEAL from St. Louis Court of Common Pleas.

STATEMENT OF THE CASE.

Isaac H. Sturgeon introduced to plaintiffs one William P. Wilson, and recommended him as a fit person to be trusted for goods; and thereupon the plaintiffs sold Wilson goods to the

Eddy & Co. vs. Sturgeon.

amount of $617 35. Defendant gave to the plaintiffs, at the time of the purchase, a guaranty for the payment of $400; and, at the same time, Wilson gave his note to plaintiffs for the balance, $217 35. Wilson failed to pay his note, which fell due in thirty days from date. Eddy one of the plaintiffs, went to Iowa, where Wilson kept his store, and collected about $200, which plaintiffs' claimed, after Eddy's return, to be applied towards the payment of said note. There was evidence, tending to show facts and circumstances from which it might be inferred, that when Eddy, one of the plaintiffs, went to Iowa and got the $200 of Wilson, the guaranty was not yet due. The guaranty was at ninety days after date, and fell due on the 28th of August, 1849. It was as follows:

"St. Louis, May 23d, 1849.

William P. Wilson has this day purchased of R. S. Eddy & Co. six hundred and seventeen dollars and thirty-five hundredths dollars dry goods. And I bind myself to pay to said R. S. Eddy & Co,, or see that said Wilson does, the sum of four hundred dollars, within ninety days from this date, to said Eddy & Co.

I. H. STURGEON,
W. P. WILSON."

The petition was drawn in this suit, on the guaranty, and the defendant set up, in his answer as a defence, that plaintiffs had verbally promised, when about to go to Iowa, to collect of Wilson, who was about going to California; that they would apply such money, so collected, to the guaranty; and the evidence in the case was particularly directed to the issue thus made in the answer. At the conclusion of the testimony, the court declared the law to be, that the application of the money, collected by plaintiffs of Wilson, must be made on the guaranty; to which the plaintiffs excepted and objected, and insisted that no such defence had been raised by the answer.

The following is the instruction complained of:

"All collections that have been made by the plaintiffs on the whole debt mentioned in said guaranty, if any have been made, and also all payments which have been made either by Wilson or Sturgeon on account of the same, if the jury find that any have been made, *are to be applied to the credit of the defendant in this action*, in satisfying the whole or any part of said sum of four hundred dollars, for which he bound himself by his guaranty."

The plaintiffs, on the giving of the foregoing instruction, took a non suit, with leave to move, to set it aside; and moved to set it aside, for the reason, that the court erred in giving said instruction. The court below refused to set it aside, and all exceptions were duly taken.

HILL, TODD & KRUM, for appellants.

HILL.

I. The instrument signed by defendants, as surety, is to be taken as strongly against him as the sense of the words will admit: Mason vs. Pritchard, 12 East. 227; Hargrave vs. Smel. 6 Bing. 244; Pitman on principal and surety 27.

II. The fair construction of the guaranty, is to be made from the words thereof, and the circumstances of the making and delivery of it.

1. It first recites, that Wilson had purchased of Eddy & Co. $617 35 dry goods. Defendant then binds himself to pay to Eddy & Co., or see that said Wilson does, $400, within 90 days. This is a direct promise to pay plaintiffs $400; made with the knowledge that Wilson owed $217 35 to plaintiffs in addition, and that he had given plaintiffs his note at 30 days for that balance.

2. It is clear, that defendant expressly guarantied the payment of $400; not as a part of the whole sum due, but as a specific amount; which defendant, or Wilson was to pay absolutely.

3. Defendant had recommended Wilson to plaintiff as a fit person to be trusted, and knowing the amount Wilson had bought, agreed to pay $400 absolutely, for him. It is but rea-

sonable to suppose, that defendant intended to guaranty $400, independently of the balance of the indebtedness. If the defendant intended, that the amount of money that Wilson might pay on the whole debt, should be credited on this guaranty, he should have so declared.

4 The $400 guarantied, were payable 60 days after, the balance of $217 35 became due. The whole transaction took place at the same time. Defendant & Wilson both signed the guaranty for $400, and Wilson alone signed the note for $217 35 at the same date. The guaranty, then, is independent of the balance due and has no connection with it.

III. By the two obligations, Wilson owed plaintiffs two debts, one for $400 and one for $217 35, and separate suits could have been brought on each. The general rule, as to the application of payments is this: If several debts be due from a person, and the debtor pay money to his creditor, the debtor has a right to appropriate the payments to the discharge of any one or other of those debts. If no specific appropriation be made at the time of payment, then the right of application devolves upon the party receiving the money. Pinnel's case, 5 Coke 1176; Bradley vs. Heath, 3 Simons 543; Mills vs. Fowkes, 5 Bing. N. C. 455; Pitman on Prin. and Surety 158; Am. Lead. Cases 143.

1. The debtor can only declare to what account the money shall be applied when he pays the money; he cannot make the application afterwards. Wilkinson vs. Sterne, 9 Mod. 427; Pitman on P. & S. 159; 1 vol. Am. Leading cases 142 (?) and cases there cited, p d. p. 145.

2. The payment by the principal binds the surety, as to the application of the payment. Saunders vs. Taylor, 9 B. and Cress. 35; Williams vs. Rawlinson, 3 Bing. 72; Pitman on P. and S. 1 Co.

3. Where no application is made by the debtor, at the time of payment, the creditor, at the time of payment, or any time after, if before settlement, may apply the payment in discharge of his debtor's separate debt, leaving the security of their principal and his surety untouched. Tyson vs. Cox, T. S. Russ. 395; Hall vs. Wood, 14 East. 243; The London Ass. Co. vs. Buckle, 4 J. B Moo. 153; Pitman on P. and. 163; Simson vs. Ingham, 2 Barn. and Cress. 65, Phillpot vs. Jones, 2 Ad. and Ell. 41; Am. Lead. cases 143, vol. 1, cases there cited; Bradg's adm'r vs. Hill & Keese, 1 Mo. Rep. 315, 317: 2 N. H. 193–6; 20 Maine 457, 461; 5 Dana 104; 1 Bailey's Eq. 430.

4. A general payment is always to be referred to a debt that is due, in preference to one that is not due. Am. Lead. cases 1 vol. 142 and cases cited, and 143–4; 7 Mass 301; 2 Espes 666; 5 Mason 11; 9 Cow. 420.

IV. The application of the money paid by Wilson to plaintiffs was made at once by plaintiffs upon the note of $217 35, and there is no proof of any direction by Wilson as to that application. The note of plaintiffs against Wilson for $217, was due when the money was collected; but there was testimony tending to show that the guaranty was not then due. The court erred, then, on both parties, in the instruction given. It is not the law, that the payments, made by Wilson, are to be applied to the extinguishment of the guaranty, unless Wilson so directed, and the jury should have been left to determine whether the guaranty was due at the time of the collection of the money, for, if the guaranty was not then due, no application of the money collected could be made on it, unless by consent or special direction by debtor. 2 Espsse. 666; Am. Lead. cases vol. 1 p. 142: 6 Cranch 28.

V. The defendant put his defence on an agreement by plaintiffs to apply the money collected of Wilson on the guaranty.

All the proof was given on this point, but the court took the whole case from the jury upon a point not raised in the answer.

VI. It is apparent from the transaction, that the bill of Wilson with Eddy & Co., for goods, was settled by his additional note for $217 35, and by Sturgeon's guaranty for $400. There was the end of Wilson's bill, and the cause of action on the bill for goods, was merged in the guaranty and the individual note. From the time of the giving of those intruments, the bill for the goods ceased to exist as a bill. The debt was then extinguished upon the account, and two obligations were created, one from Sturgeon and one from Wilson.

## Todd & Krum.

I. The court erred in refusing to give the instruction, numbered 3, asked for by plaintiffs, because the answer is not proved, by any evidence, to the extent of making any contract binding upon the plaintiffs to make the application of moneys, that might be collected, to the demand guarantied by the defendant; or, in other words, there is no evidence tending to prove any consideration for such a contract, supposing one made.

2. If the whole answer were proved, it establishes no valid contract of the kind aforesaid.

II. Plaintiffs' instruction numbered 2, should have been given, because a creditor, having two demands against the same person, one secured and the other not, has the right to apply to the latter a partial payment made by the debtor without any distinction as to its application being made by the debtor. 4 Ired. Eq. 42; 2 Rich. Eq. 63; 6 Cranch. Rep. p. 8, 27, 28; 5 Mason Rep. p. 82; 4 J. J. Marshall 97, 99; 1 vol. Am. Lead. cases p. 142 *et seq.*; 15 Conn. Rep. 437.

The plaintiffs had two such demands, and the instruction supposes no specific discretion of the payment by the debtor and there is no evidence thereof.

III. Plaintiffs' instruction, No. 4, is good law, for it is always the right of a debtor, in making voluntary payments, to say to which of several debts it shall apply.

IV. Plaintiffs' instruction, No. 5, ought to have been given, for if the plaintiffs did not collect any money, there is much evidence in the conduct, and the relations of the parties tending to show that it was collected in the note for $217 35, and if so, the law cannot direct its application to the $400 guarantied, without the plaintiffs' binding consent or contract, of which there is no evidence applicable to such a supposed case.

V. If the contract prentended, was proved and was valid, the defendant's redress is an action for damages for its breach.

VI. The court erred in excluding the plaintiffs' evidence; for, supposing that the answer sets forth enough consideration for such a contract, that consideration must be proved, and the evidence offered by plaintiffs, and by the court excluded, tended to show that the motive and consideration with Sturgeon, in his alleged aid to Eddy & Co., were not what the defendant sets forth, and does not at all, prove but that he wished to do all he could, as a man of just feelings to save plaintiffs from any loss through a person to whom the plaintiffs had given credit, solely on the consideration of defendant,

VII. The defendant's instruction, No. 1, ought not to have been given, because, it assumes the fact of a valid agreement existing in law, binding plaintiffs to apply any monies, collected by Eddy, to the guarantied debt, provided there was such an understanding between defendant and Eddy, whereas, the bill of exceptions is totally destitute of any evidence tending to prove a valid agreement of this kind.

VIII. The defendant's instruction, No. 2, ought not to have been given, because the law is asserted under point 2, which is directly the reverse of the law contained in that instruction.

IX. The defendant's instruction, No. 3, ought not to have been given, because:

1. It supposes a fact of which there is no evidence, to wit: that money may have been collected upon the aggregate demand of plaintiffs against Wilson, as a single demand or unit, whereas, the evidence is express and in writing proved and admitted, that the amount of the entire purchase by Wilson of plaintiffs, to wit: $617 35, was divided into two demands, one of $400, payable in ninety days from date, and guarantied by defendant, and the other of $217 35, for which Wilson made his sole note, payable in thirty days.

2. Because it takes away from plaintiffs the right to apply any partial payments made by Wilson without any specific directions from Wilson.

X. The guaranty is, that defendant will pay to plaintiffs $400 within ninety days, or he will see (that is, will take care) that Wilson does. Now the answer omits nothing equivalent to a performance of this guaranty nor does the evidence prove any such performance, either complete or partial.

Eddy & Co. vs. Sturgeon.

SPALDING, for respondent.

There was evidence, tending to prove that Eddy went up to Iowa, where Wilson resided, and collected about $200; having previously told Sturgeon that he would credit, to him on the guaranty, any collection he should make.

The instruction of the court complained of are substantially, that any payments made by Wilson to plaintiffs, on account of said purchase, if made generally, without special instructions how to apply it, enured to the benefit of Sturgeon on the guaranty. The court construed the writing to mean that Sturgeon would see that $400 of the debt should be paid; and if Wilson did not pay it, he would. The instructions asked by plaintiffs and refused, involve the same points as those given for defendant.

I. The true construction of the guaranty, is that given by the court below, viz: that Sturgeon agreed and warranted, that $400 of the whole debt due from Wilson to Eddy & Co., should be paid in ninety days. From the very nature of such a guaranty, every payment made by the debtor enured to the benefit of the guarantor; for in making any payment, Wilson, so far, complied with and fulfilled the guaranty of Sturgeon.

II. Even if the nature of the guaranty did not require the application of all payments made on the general debt, in reduction of that part of the debt guarantied by Sturgeon, yet all payments made by Wilson, were, in the absence of any appropriation, made by him to be applied on the guarantied part of the debt: 2 Stark. Rep. 101, Mangatts vs. White. The judge says, "I think that in favor of a surety, such payments are to be considered as on the last account." (3 E. C. L. R. 265.)

4. J. B. Moore 153 —In this case a payment was credited to the benefit of the surety on a bond, and not on the residue of the debt: See Jus. Richardson's opinion.

14 East 239.—A special appropriation of a payment made, may arise out of the nature of the transaction, though not expressed at the time, in terms, by the party making it: 11 Wend. 62; 9 Cowen 775, notes to cases.

III. The court did not err in excluding the evidence, offered to show that Sturgeon had introduced Wilson to Eddy & Co., and recommended him as a customer.

1. Because this was an action on a written guaranty, and not on a representation by Sturgeon of the solvency of Wilson.

2. The testimony, therefore, was totally irrelevant, and proved nothing pertinent to the case. Whether Sturgeon introduced Wilson or not, and procured the credit to him from Eddy & Co., has nothing to do with his written guaranty.

3. Suppose it had been a note given by Sturgeon for the $400, what relevancy would there be in an action on the note, in evidence showing that Sturgeon recommended Wilson as a fit person to be trusted.


RYLAND, J., delivered the opinion of the court.

This action is founded on a guaranty, and the question before us arises on the construction of the instrument, which is as follows, viz :

"ST. LOUIS, May 23d, 1849.

Wm. P. Wilson has this day purchased of R. S. Eddy & Co , six hundred and seventeen dollars and thirty-five cents dry goods. And I bind myself to pay to said R. S. Eddy & Co., or see that said Wilson does, the sum of four hundred dollars, within ninety days from this date, to said Eddy & Co.                          I. H. STURGEON.

                                        W. P WILSON."

The court of common pleas construed this guaranty so as to consider all payments made by Wilson, within the time, as payments in discharge of the amount guarantied by Sturgeon, as will be seen from the following instruction given to the jury, and which forms the principal ground of complaint, by the appellants.

"All collections that have been made by the plaintiffs on the whole debt mentioned in said guaranty, if any have been made, and also all payments which have been made either by Wilson or Sturgeon on account of the same, if the jury find that any have been made, are to be applied to the credit of the defendant in this action, in satisfying the whole or any part of said sum of $400, for which he bound himself by his guaranty."

The plaintiffs contend that they have the right to place the money received of Wilson, which was about $200, (received within the ninety days) to the discharge of that portion of the debt of Wilson not included in the guaranty. The defendant contends that any money paid by Wilson for this debt must be counted as part of the $400, which he guarantied to pay or see that Wilson paid.

Let us examine this guaranty, and see what was the obligation thereby imposed upon the defendant. Wilson bought of Eddy & Co. six hundred and seventeen dollars and thirty-five cents worth of goods, and Sturgeon says, "I bind myself to pay to said Eddy & Co., or see that Wilson does, the sum of four hundred dollars, within ninety days from the date."

Now suppose Wilson had paid to Eddy & Co. four hundred dollars, on the purchase he had made, within ninety days, and said nothing about the application of the payment, and Eddy & Co. had thereupon applied the amount necessary to extinguish the $217 35, first, and had then given credit for the balance on the guaranty, and then sued Sturgeon on the guaranty, could not Sturgeon discharge himself from the guaranty by showing that Wilson had paid the $400 to Eddy & Co? By the terms of this guaranty it is clear, that Sturgeon was to pay or see that Wilson paid to Eddy & Co. four hundred dollars of this bill for the purchase of the goods. The instrument, between the parties, says upon its face, Wilson has purchased of R. S. Eddy & Co., $617 35 worth of goods. "And I bind myself" says Sturgeon, in the same instrument, "to pay said Eddy & Co., or see that Wilson does, $400, within 90 days from date." Now any payment, made by Wilson upon this purchase, must, under the terms of the guaranty, be considered as so much for which Sturgeon bound himself either to pay or see that Wilson paid; and it matters not how Eddy & Co. disposed of the amount received,

---

whether as a credit to the $217 35, or otherwise; for Sturgeon is bound only to pay or see that Wilson pays the $400.

The construction we give to the guaranty in this case, enables us to determine it without noticing the numerous authorities in relation to the proper application of money, on payments made; without any directions how to apply it at the time.

Courts of justice are not inclined to extend the meaning of terms used in a guaranty, or, by amplifying such meaning, increase the extent of the obligation.

We come to the conclusion, therefore, the construction given to the terms of the guaranty in this case, by the court of common pleas, was the correct one. Judge Gamble concurring herein, the judgment below is affirmed.